UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARYANNE WATKINS; MICHAEL WATKINS,<br>Plaintiffs,<br>v.<br>COUNTY OF LOS ANGELES, CALIFORNIA et al.,<br>Defendants. | Case No. 2:22-cv-02167-WLH-RAO<br><br>**ORDER RE REPORT AND RECOMMENDATION ON MOTION FOR RECONSIDERATION [272] AND PLAINTIFFS' MOTIONS AND EX PARTE APPLICATIONS [257], [259], [275], [279], [304]** |

The Court is in receipt of The Honorable Magistrate Judge Oliver's Report and Recommendation ("Report and Recommendation") recommending the Court deny Plaintiffs' Motion for Reconsideration, (Report and Recommendation, Dkt. No. 272). On October 29, 2026, Plaintiffs filed their Objection to the Report and Recommendation ("Objection to R&R"), followed three days later by their *ex parte* Application for Leave to File Supplement to their Objection ("EPA to Supplement Objections"). (Objection to R&R, Dkt. No. 302; EPA to Supplement Objections, Dkt. No. 304). In response, Defendants filed an Opposition to Plaintiffs' EPA to

Supplement Objections and a Reply to Plaintiffs' Objection. (Opposition re: Ex Parte Application for Leave, Dkt. No. 305; Reply, Dkt No. 306).

The Court is also in receipt of Plaintiffs' Motion for Judicial Determination of Premature Tax Liability and Compulsory Refund ("Motion for Determination of Tax Liability," Dkt. No. 257); Motion to Alter Judgment and for Reconsideration ("Motion for Reconsideration," Dkt. No. 259); Emergency *ex parte* Application for Temporary Restraining Order and Preliminary Injunction Staying Administrative Enforcement and Assessment of Fees Regarding DMV-Registered Vehicular Trailer ("EPA for Injunctive Relief," Dkt. No. 275); and *ex parte* Application for Leave to File Supplements Nunc Pro Tunc ("EPA for Leave to File Supplements," Dkt. No. 279).

The Court has considered all these filings in chambers without oral argument. For the reasons explained below, the Court accepts and adopts the findings, conclusions, and recommendations in Judge Oliver's Report and Recommendation, **DENIES** Plaintiffs' Motion for Reconsideration, **DENIES** Plaintiffs' Motion for Determination of Tax Liability, and **DENIES** Plaintiffs' three *ex parte* Applications (EPA for Injunctive Relief, EPA for Leave to File Supplements, and EPA to Supplement Objections).

## I. BACKGROUND

Plaintiffs Maryann Watkins and Michael Watkins ("Plaintiffs"), proceeding *pro se*, initiated this action on March 30, 2022. (Dkt. No. 1). On June 29, 2026, the Court accepted the findings, conclusions and recommendation of Judge Oliver, ("Report and Recommendation to Strike and Dismiss Third Amended Complaint," Dkt. No. 242), and entered final judgment ("Final Judgment"). (Final Judgment, Dkt. No. 256). Pursuant to Judge Oliver's Report and Recommendation to Strike and Dismiss Third Amended Complaint, the Court's final judgment dismissed Plaintiffs' Third Amended Complaint with prejudice and without leave to amend against those Defendants that

Plaintiffs had served (including Defendant County of Los Angeles) and dismissed claims against unserved defendants without prejudice. (Final Judgment at 1).

On July 10, 2026, Plaintiffs filed their Motion for Reconsideration regarding the Court's Final Judgment, which the Court referred to Judge Oliver. (Notice of Referral of Matter to the Magistrate Judge, Dkt. No. 261). On September 18, 2026, Judge Oliver issued the instantly considered Report and Recommendation, which recommended the Court deny Plaintiffs' Motion for Reconsideration. (Report and Recommendation at 10). On September 22, 2026, Plaintiffs filed for emergency relief to extend the time to file objections to the Report and Recommendation, (Ex Parte Application for Extension of Time to File Objection, Dkt No. 281), which Judge Oliver subsequently granted, (Order, Dkt. No. 286), extending the deadline for Plaintiffs to file objections to the Report and Recommendation to November 9, 2026. On October 29, 2026, Plaintiffs filed their Objection to R&R, followed three days later by their EPA to Supplement Objections.

## II. ANALYSIS

### A. <u>Report and Recommendation on Motion for Reconsideration</u>

Pursuant to 28 U.S.C. § 636, and the Court has reviewed the Report and Recommendation, Plaintiffs' Motion for Reconsideration, Plaintiffs' Objection to R&R, and Defendants' Reply to Plaintiffs' Objection to R&R. The Court is not persuaded by the objections and finds they lack merit. Accordingly, the Court hereby overrules Plantiffs' objections and accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. Accordingly, Plaintiffs' Motion for Reconsideration is **DENIED**.

### B. <u>Motion for Determination of Tax Liability</u>

Plaintiffs' Motion for Determination of Tax Liability requests the Court declare that Plaintiffs' tax delinquency is void. (Mot. for Determination of Tax Liability at 2). Plaintiffs believe that they have already paid off their tax obligations and that Defendants are unjustifiably seeking additional tax payments. (*Id.*).

As Judge Oliver already pointed out when recommending the Court strike Plaintiffs' nearly identical claim in their Third Amended Complaint:

> it is unclear whether Plaintiffs can maintain a claim against the County Tax Assessor for wrongful collection of property tax. Under 28 U.S.C. § 1341, also called the Tax Injunction Act, '[t]he district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.' The Act 'restricts the power of federal district courts to prevent collection or enforcement of state taxes.'

(Report and Recommendation to Strike and Dismiss Third Amended Complaint at 19-20) (*citing Arkansas v. Farm Credit Servs. of Cent. Arkansas*, 520 U.S. 821, 823 (1997). Plaintiffs complain that their Los Angeles County Assessment Appeals Board "administrative avenues have been entirely exhausted," (Mot. for Determination of Tax Liability at 3), but have not provided any argument or evidence that the California state courts and tax appeals systems fail to provide "a plain, speedy and efficient remedy" under the meaning of the Tax Injunction Act. The Court's Orders at Dkt. Nos. 254 and 270 both already deny emergency relief with regards to Plaintiffs' tax delinquency. (Order Denying Request for Relief to Stay Property Tax Enforcement, Dkt. No. 254; Order Denying *ex parte* Application for Temporary Restraining Order, Dkt. No. 270). The Court has also already entered Final Judgment and denied the Motion for Reconsideration of the Final Judgment. As such, this matter has already been adjudicated, and Plaintiffs' Motion for Determination of Tax Liability is **DENIED**.

**C. <u>Plaintiffs' *ex parte* Applications</u>**

*1. Legal Standard*

*Ex parte* applications are "rarely justified." *Mission Power*, 883 F. Supp. At 490. To obtain *ex parte* relief, a moving party must present evidence to show that they will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of

excusable neglect." *Mission Power*, 883 F. Supp. at 492. In the absence of a showing that Plaintiffs would be irreparably prejudiced if the Application was heard pursuant to ordinary motion procedures, *ex parte* relief is inappropriate. *Id.* at 489 (explaining that improper, non-emergency ex parte applications are "detrimental to the administration of justice"); (Standing Order, Docket No. 9 at 16 ("Ex parte applications are solely for extraordinary relief. . .")).

*2. EPA for Injunctive Relief*

Plaintiffs' EPA for Injunctive Relief requests that the Court enjoin "Defendant County of Los Angeles, its inspection officers, and Sheriff's personnel from assessing administrative penalties, charging enforcement fees, or recording clouds on title regarding a state-registered, licensed flat trailer bearing valid California Department of Motor Vehicles (DMV) registration plates." (EPA for Injunctive Relief at 2). Plaintiffs claim that Defendants County of Los Angeles *et al*. are "attempt[ing] to apply municipal real property building codes" to Plaintiffs' vehicle, which they argue constitutes irreparable injury. (*Id.*) Plaintiffs have failed to demonstrate irreparable harm in the absence of preliminary relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (explaining the four factors that courts apply in evaluating TROs and preliminary injunctions: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest). Plaintiffs claim they are harmed because they have been served a "formal 45-day violation notice with threats of monetary penalties and recorded encumbrances" upon Plaintiffs' vehicular trailer. (EPA for Injunctive Relief at 4). Plaintiffs claim alleges monetary harm which typically "does not constitute irreparable harm." *Calif. Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 852 (9th Cir.2009), *vacated on other grounds sub nom. Douglas v. Independent Living Ctr. of So. Calif., Inc.*, 565 U.S. 606 (2012). "Mere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 471 (9th

Cir.1984). Because "money damages would fairly compensate [Plaintiffs] for any wrong [they] may have suffered" from the violation notice, Plaintiffs are not at risk of being irreparably harmed if denied emergency preliminary relief. *See Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 595 (1952). As such, Plaintiffs' EPA for Injunctive Relief is **DENIED**.

*3. EPA for Leave to File Supplements*

Plaintiffs' EPA for Leave to File Supplements requests that the Court "enter an Order granting leave nunc pro tunc" for Plaintiffs to refile their supplemental filings at Dkt. Nos. 260, 262 and 266 and "directing that they be considered de novo in reviewing the Report and Recommendation [Dkt. No. 272]." Plaintiffs have failed to demonstrate that they will be "irreparably prejudiced" by a denial of their request. Plaintiff's claimed necessity for this request is that Judge Oliver "declined to consider Plaintiffs' supplemental filings [Dkt Nos. 260, 262, 266] solely because formal leave of court had not been requested or granted [Dkt. No. 272 at 3-4]. Ex parte relief is necessary so this procedural omission is cured prior to District Judge Hsu's de novo review" of Judge Oliver's Report and Recommendation. (EPA for Leave to File Supplements at 2). Yet, Judge Oliver's Report and Recommendation clarifies that:

> [i]n addition to their moving papers and reply, Plaintiffs have filed three supplements and two requests for judicial notice. Dkt. Nos. 260, 262, 263, 267, 269. Plaintiffs were not granted leave to file these additional papers. The Court therefore declines to consider them. Moreover, the Court has reviewed these supplemental papers and finds that they would not affect the analysis . . . .

(Report and Recommendation at 3-4). Thus, Plaintiffs claim that Judge Oliver declined to consider Plaintiffs' supplemental filings "solely" because formal leave of court had not been requested or granted is incorrect, as Judge Oliver also "reviewed these supplemental papers and [found] that they would not affect the analysis." (*Id.*) Regardless, Plaintiffs' supplemental filings are in fact already filed and are available to the Court for review. Accordingly, Plaintiffs have no cognizable claim to

irreparable prejudice here, and Plaintiffs' EPA for Leave to File Supplements is **DENIED**.

*4. EPA to Supplement Objections*

Plaintiffs' EPA to Supplement Objections requests the Court consider, in its review of the Report and Recommendation, a Supplement which claims to present "new evidence that bears directly on the central premise of the judgment." (EPA to Supplement Objections at 1). Yet, the "new evidence" is Plaintiffs' attestation of the fact that the Defendant County of Los Angeles allegedly imposed another "paving-or-certification condition" on third party "Frank Dominguez, who owns property in the same Acton area." (*Id.* at 2). This evidence bears no relevance to and therefore does not assist Plaintiffs' Motion for Reconsideration, in which Plaintiffs must identify "a *material* difference in fact or law" or "a manifest showing of a failure to consider *material* facts." (C.D. Cal. L.R. 7-18) (emphasis added). Therefore, Plaintiffs can show no irreparable harm here and Plaintiffs' EPA to Supplement Objections is **DENIED**.

//

//

//

//

//

//

//

//

//

//

//

## III. CONCLUSION

For the reasons explained above:

1. The Court adopts the findings, conclusions, and recommendations in the Report and Recommendation; Plaintiffs' Motion for Reconsideration is accordingly **DENIED**.
2. Plaintiffs' Motion for Determination of Tax Liability is **DENIED.**
3. Plaintiffs' three *ex parte* Applications (EPA for Injunctive Relief, EPA for Leave to File Supplements, and EPA to Supplement Objections) are **DENIED**.

Final Judgment has been entered and Plaintiffs' Motion for Reconsideration of the Final Judgment has been denied. The case before this Court is at an end. Plaintiffs are cautioned against further duplicative or frivolous filings of requests, especially by abusing the emergency *ex parte* procedures, to seek relief in this action.

**IT IS SO ORDERED.**

Dated: November 18, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE